IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GEORGE V. FULLER | § | |
| | § | |
| V. | § | A-07-CA-440 LY |
| | § | |
| CHRISTINE E. MCKEEMAN ET AL. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff's Application to Proceed *In Forma Pauperis* and Plaintiff's Original Complaint and Request for Declaratory Judgment (Clerk's Doc. No. 1). The District Court referred the above motions to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Application to Proceed *In Forma Pauperis***

After considering Plaintiff's financial affidavit the Court finds that Plaintiff is indigent. Accordingly, the Court HEREBY GRANTS Plaintiff *in forma pauperis* status. However, before the Court orders that his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1), and orders the Clerk to issue summons in this case, the Court must perform a frivolousness review.

**II. Section 1915(e)(2) Frivolousness Review**

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review the Complaint under 28 U.S.C. §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or

appeal is frivolous . . . ." "A district court may dismiss under § 1915 for failure to state a claim if it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Trujillo v. Williams*, 465 F.3d 1210, 1224 (10th Cir. 2006). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or in fact." *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Plaintiff's saga is a sad one. It appears – his complaint and exhibits do not tell a linear (or lucid) story – that Plaintiff was an inmate in the Harris County Jail while he was recovering from knee surgery and contracted a particularly virulent strain of *staphylococcus* which resulted in him having to have one of his legs amputated. Plaintiff sued Harris County contending that the county violated his Eighth Amendment rights because the various defendants did not appropriately respond to the infection until it was too late.

The story from here is somewhat bemusing, but it seems as though Plaintiff alleged in his lawsuit that Harris County attorneys Mary Baker and Michael Stafford withheld documents germane to his lawsuit[1] and filed, in federal district court in Houston, a complaint of misconduct against Baker and Stafford. As best as the Court can tell, Plaintiff's lawsuit against Harris County was dismissed, but Plaintiff filed an appeal *pro se*. He was, however, turned down for *in forma pauperis* status at that time by the Fifth Circuit. Subsequently, he apparently entered into an agreement with Bassey Otu Akpaffiong, a Houston attorney, to prosecute his appeal.

It does not appear that Akpaffiong did so. In any event, this issue is currently being reviewed by the State of Texas Board of Disciplinary Appeals (TBDA), which stated in a letter to Plaintiff that it found "that the complaint allege[d by Plaintiff indicates] a possible violation(s) of the following

---

[1]Plaintiff also seems to make an allegation that the defendants changed what was a misdemeanor charge on his criminal record into a drug felony, but it does appear that this charge was pursued.

Texas Disciplinary Rules of Professional Conduct: Rule(s) 1.15(d)." However, Plaintiff's disciplinary actions filed against Baker, Stafford, and Michael Hull (another Harris County attorney allegedly involved in the document tampering case against Harris County), have all been rejected by the TBDA.

This brings us to the *current* lawsuit before *this* Court. Plaintiff is now suing the TBDA lawyers and officers Christine E. McKeeman, Shannon B. Sauceda, and Denise Kurt, who are the TBDA employees responsible for dismissing his claims against the Harris County attorneys (and who are hearing his claims against Akapaffiong).

The *Rooker-Feldman* doctrine precludes jurisdiction by this Court over Plaintiff's complaint. The *Rooker-Feldman* doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments. *Riley v. La. State Bar Ass'n*, No. 06-30695, Slip Copy, 2007 WL 178108, *2-3 (5 th Cir. Jan. 19, 2007); *see also Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994). The doctrine gets its name from two cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In short, the doctrine provides that state courts should resolve constitutional questions arising from state proceedings. "If a state trial court errs, the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court." *Id*. (citing *Rooker* and *Feldman* ). "A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief." *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994). Similarly, a federal complainant cannot re-litigate issues that should have been raised in state court and defeat the operation of the *Rooker-Feldman* doctrine by casting a complaint as a civil rights violation. *Liedtke*, 18 F.3d at 317

Finally, *Rooker-Feldman* bars federal claims which, while not identical to, are "inextricably intertwined" with state court judgments. *Id*. at 318.

The appropriate remedy for Plaintiff, if he is not satisfied with the resolution of his complaint against Akapaffiong, or if he is dissatisfied with the resolution of the complaint against Baker, Hull, and Stafford (who have been cleared), is to file an appeal with the Texas Supreme Court. *See* Supreme Court of Texas Board of Disciplinary Appeals Internal Procedural Rules, § 10 Appeals from BODA to the Supreme Court, Rule 10.01(a) & (c). Therefore, this Court lacks jurisdiction over Plaintiff's lawsuit. *See Liedtke*, 18 F.3d at 317 ("a federal complainant cannot re-litigate issues that should have been raised in state court and defeat the operation of the *Rooker-Feldman* doctrine by casting a complaint as a civil rights violation").

### III. RECOMMENDATION

The Court **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) for lack of jurisdiction.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 13th day of June, 2007.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE